UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. GIPSON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00726-LJO-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Gabriel Gomez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

1  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
2  550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally
3  participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
4  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

5        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
6  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
7  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
8  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
9  the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
10 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer
11 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
12 consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556
13 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

16       Plaintiff is of Native American heritage. Plaintiff contends that after he filed an inmate
17 grievance a policy change was ordered by Warden Gipson limiting his religious ceremonies to once a
18 month without a spiritual advisor.

19       Committee resource manager M. Robicheaux (formerly named Smith) refuses to treat the
20 Native American religious program with the same respect and rights afforded to other religions, such
21 as Catholics, Protestants and Islamic religions as those religions are allowed weekly ceremonies.
22 Robicheaux changed the policy restricting the sweat lodge ceremonies to once a month out of reprisal
23 for Plaintiff filing an inmate grievance. During the past two years, Native American inmates have
24 only been allowed eight sweat lodge ceremonies.

25       Captain D. Overley allows his correctional officers to harass the Native American inmates and
26 merely states that Plaintiff is the only one complaining. Overly also maintained the wood for the
27 sweat lodge ceremonies which went missing. Plaintiff received less than one-fourth of his wood.

28       Lieutenant R. Juarez encourages his correctional officers to be rude toward the Native

American inmates.  In June 2014, officer Leyva greeted Plaintiff with a hand out that stated "How."  Officer Levya later told Plaintiff "that a boy cowboy," and both he and Juarez laughed.

Sergeant Kellogg and officer Levya use racist remarks that are offensive by calling Plaintiff "Chief" and "Cowboy."

On December 5, 2014, when Plaintiff was attempting to reschedule the sweat lodge ceremony, officer Borges claimed that Plaintiff's paperwork (which was approved by sergeant Morrison) was forged.  When Plaintiff informed Borges that the lieutenant would be advised of such conduct, Borges became hostile and cursed at Plaintiff.  Borge told Plaintiff to get down and then jumped on his back and put his hands down Plaintiff's pants, squeezed his genitals and caressed his buttocks.

On December 12, 2014, officer Borges searched Plaintiff and put his hand down his pants, grabbed his genitals and caressed his buttocks.  Sergeant Morrison and Borges laughed about the incident.

### III.

### DISCUSSION

A.     Rules 18 and 20

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  However, unrelated claims that involve different defendants must be brought in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his second amended complaint must be permitted by either Rule 18 or Rule 20.  Plaintiff may state a single claim against a single defendant.  Plaintiff may then add any additional claims to his action that are against the same

defendant under Rule 18.  Fed. R. Civ. P. 18.  Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Fed. R. Civ. P. 20(a)(2).  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.  In this instance, even if Plaintiff stated cognizable claims, his religious claim is not related to his sexual assault claim and such claims cannot be joined in one action.

### B. Free Exercise of Religion-First Amendment

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration."  Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'"  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.  Shakur v. Schriro, 514 F.3d at 884-885.  A substantial burden exists where an inmate is denied "all means of religious expression."  Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993) (citing O'Lone, 482 U.S. at 351-352).

Plaintiff has not alleged sufficient facts that the limitation of the sweat lodge worship to once a month substantially affected his ability to practice his religion.  In addition, although Plaintiff maintains that he is a Native American, he fails to set forth sufficient allegations to show that the restrictions he complains of infringe on beliefs that he sincerely held.  Being a member of a religion does not necessarily infer the sincerity of one's religious beliefs.  Plaintiff also fails to state any allegations to address both the governmental objective motivating the regulations regarding the sweat

lodge practice, and the availability of alternative means of exercising his religious beliefs. Therefore, Plaintiff fails to state a claim for violation of his First Amendment rights to exercise his religion.

### C. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz v. Beto, 405 U.S. 319, 321-322 (1972) (per curiam); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff fails to demonstrate that the restriction on his pursuit of his faith occurred as a result of intentional discrimination by any of the named Defendants, or that other similarly situated religious groups are granted spiritual worship compared to the sweat lodge practice. Thus, Plaintiff fails to state a cognizable claim under the Equal Protection Clause.

### D. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff also contends that Defendants Gipson and Robicheaux retaliated against him for First Amendment-protected conduct. Accordingly to Plaintiff, Defendants changed the policy relating to the Native Americans religious sweat lodge practice in retaliation for his filing a grievance. Plaintiff

5

has failed to set forth sufficient facts to support that Defendants retaliated against him because of his protected conduct or that the action taken by Defendants did not advance a legitimate penological goal.

### E.    Sexual Assault

Plaintiff contends that on December 5 and 12, 2014, correctional officer Borges conducted a strip search and sexually assaulted him. Plaintiff further contends that sergeant Morrison knew of the violations and failed to intervene or take subsequent action.

A prion official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and indications of alteration omitted).

Although inmates, have a "limited right to bodily privacy," Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988), the Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse, Schwenk v. Hartford, 204 F.3d 1187, 1196-1197 (9th Cir. 2000). The Ninth Circuit has recognized that digital rectal searches are highly intrusive and humiliating. Tribble v. Gardner, 860 F.2d 321, 324 (9th Cir. 1998). Prisoners thus have a clearly established right to be free from digital rectal searches conducted for purposes unrelated to legitimate penological concerns. Tribble, 860 F.2d at 325-327. A digital rectal search may violate the Eighth Amendment if it is not reasonably related to any legitimate penological concerns. Id. at 325 n. 6. The Ninth Circuit has also held that, under limited circumstances, a bodily search involving intimate touching may inflict psychological pain sufficient to implicate the Eighth Amendment even in the absence of sexual assault. In Jordan v. Gardner, the Ninth Circuit held that a prison policy requiring male guards to conduct frequent random clothed body searches of female inmates constituted cruel and unusual punishment when the policy was adopted despite the warnings of prison psychologists that the intrusive searches would severely traumatize inmates, many of whom had pre-incarceration histories

of sexual abuse by men. Jordan, 986 F.2d at 1523-1531. By contrast, the Ninth Circuit has also found that "the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons" of which "we do not approve," but which do not violate the Eighth Amendment. Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (internal quotation marks omitted). Thus, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9; Calhoun v. DeTella, 319 F.3d 936, 939 (9th Cir. 2003).

Plaintiff has not stated a cognizable claim based on the strip searches. While searches intended to harass may violate the Eighth Amendment, Plaintiff has not sufficiently alleged that the searches on December 5 and 12, 2014, were done for the purposes of harassment. In addition, Plaintiff admits he was initially charged with forgery of documentation and then subsequently found guilty of willfully resisting, delaying or obstructing a peace officer. Further, Plaintiff alleges officer Borges treated him in a "disrespectful" manner. Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment based on the allegations surrounding the strip searches.

### F. Access to the Courts

Plaintiff makes reference to the fact that he was denied access to the court, presumably because he contends the accountant officer and business manager delayed in sending an in forma pauperis application.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff has failed to demonstrate any actual prejudice to contemplated or existing litigation in relation to Perez's handling of his in forma pauperis application. In fact, Plaintiff's motion to proceed in forma pauperis was filed simultaneously with his complaint on May 12, 2015. (ECF No. 2.) Accordingly, Plaintiff fails to state a cognizable claim for denial of access to the courts.

**G.     Verbal Comments**

Plaintiff's contention that certain individuals made comments to him that were rude and/or racist fails to give rise to a constitutional violation.  Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Accordingly, Plaintiff does not state a cognizable claim for relief based on the verbal comments made to him.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

2.   Plaintiff's complaint, filed May 12, 2015, is dismissed for failure to state a claim;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 1, 2016**

UNITED STATES MAGISTRATE JUDGE