UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. GIPSON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00726-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 12] |

　　　　Plaintiff Gabriel Gomez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 1, 2016, the Court dismissed Plaintiff's complaint for failure to state a cognizable claim for relief and Plaintiff was granted thirty days to file an amended complaint.  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e).  Plaintiff was warned that if he failed to comply, this action would be dismissed, with prejudice, for failure to state a claim and failure to prosecute.  (ECF No. 12, at 9:4-5.)  More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

　　　　The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of this action.  Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh

1

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to the defendants; (4) the public policy of favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006)(internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, as a result, there is no pleading on file which sets forth any claims upon which relief may be granted, and the Court is left with no alternative but to dismiss the action for failure to state a cognizable claim for relief.  Id.  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim for relief, and failure to prosecute.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 11, 2016**

UNITED STATES MAGISTRATE JUDGE