UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. GIPSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00726-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 14] |

　　　　Plaintiff Gabriel Gomez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, filed April 4, 2016. (ECF No. 14.)

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. On February 1, 2016, the Court has screened and dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable claim for relief. (ECF No. 12.) Plaintiff failed to file an amended complaint within the allotted thirty day time frame, and Findings and Recommendations recommending dismissal of the action for failure to comply with a court order and failure to state a cognizable claim for relief were issued on March 11, 2016. (ECF No. 13.) The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED. Plaintiff is advised that he has until April 14, 2016, to file objections to the pending Findings and Recommendations recommending dismissal of the action for failure to comply with a court order and failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated:   **April 5, 2016**

UNITED STATES MAGISTRATE JUDGE