**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GABRIEL GOMEZ,

Plaintiff,

v.

C. GIPSON, et al.,

Defendants.

Case No.: 1:15-cv-00726-LJO-SAB (PC)

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 5, 2016, ORDER DENYING HIS REQUEST FOR COUNSEL

[ECF No. 16]

Plaintiff Gabriel Gomez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 15, 2016, Plaintiff filed a motion for an extension of time to file objections to the Findings and Recommendations issued March 11, 2016. Plaintiff also seeks reconsideration of the Court's April 5, 2016, order denying his request for appointment of counsel. (ECF No. 16.)

Inasmuch as Plaintiff has presented good cause, his request for an extension of time to file objections shall be granted. However, Plaintiff's motion for reconsideration of the order denying his request for appointment of counsel shall be denied. Plaintiff presents no grounds that warrant reconsideration.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v.

Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

As stated in the Court's April 5, 2016, order even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. On February 1, 2016, the Court has screened and dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable claim for relief. (ECF No. 12.) Plaintiff failed to file an amended complaint within the allotted thirty day time frame, and Findings and Recommendations recommending dismissal of the action for failure to comply with a court order and failure to state a cognizable claim for relief were issued on March 11, 2016. (ECF No. 13.) The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. As stated in the Court's April 5, 2016, order, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits,

and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff's mere disagreement with the Court's order is not grounds for reconsideration, and Plaintiff's motion must be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file objections; and
2. Plaintiff's motion for reconsideration of the Court's April 5, 2016, order denying his request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **April 18, 2016**

UNITED STATES MAGISTRATE JUDGE