UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GOMEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>C. GIPSON, et al.,<br><br>                    Defendants. | Case No.: 1:15-cv-00726-LJO-SAB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON CLAIM FOR DAMAGES AGAINST DEFENDANT BORGES AND DISMISSING ALL OTHER FORMS OF RELIEF**<br><br>[ECF No. 18] |

Plaintiff Gabriel Gomez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States magistrate judge jurisdiction, and this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed on May 26, 2016.

**I.**

**RELEVANT BACKGROUND**

On February 2, 2016, the Court screened and dismissed Plaintiff's original complaint, with leave to amend, for failure to state a cognizable claim. (ECF No. 12.) After Plaintiff failed to file an amended complaint or otherwise respond to the Court's order within the thirty day time, Findings and Recommendations recommending dismissal of the action were issued on March 11, 2016. (ECF No. 13.)

1

On April 19, 2016, the Court granted Plaintiff an extension of time to file objections to the Findings and Recommendations. (ECF No. 17.) In lieu of filing objections, Plaintiff filed an amended complaint on May 26, 2016. In light of the fact that Plaintiff filed an amended complaint, the Court vacated the Findings and Recommendation on June 16, 2016. (ECF No. 19.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

## III.

## COMPLAINT ALLEGATIONS

Correctional officer Borge sexually harassed and/or molested Plaintiff.

On December 5, 2014, officer Borge advised Plaintiff that his document was forged. Borge ordered Plaintiff to get down and when Plaintiff was down on the floor, Borge jumped on his back and lifted him up by his buttocks and genitals. Borge then put his hand down Plaintiff's paints and started squeezing his genitals and caressed his buttocks over and over. Plaintiff told him to "quit perving out on me" and if he every sexually molested him again he would file charges.

On December 12, 2014, Borges searched Plaintiff again while he was on his way to school. Borges put his hand down Plaintiff's pants and started grabbing his genitals and caressed his buttocks. Plaintiff asked Borges to stop and he said that if he moved he was going to take Plaintiff "to the d[i]rt."

As relief, Plaintiff requests compensation, suspension of officer Borges for three months without pay, and transfer to a different facility to prevent potential reprisal.

## IV.

## DISCUSSION

### A.    Fourth and Eighth Amendment Claims

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and indications of alteration omitted). Although inmates, have a "limited right to bodily privacy," Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988), the Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse, Schwenk v. Hartford, 204 F.3d 1187, 1196-1197 (9th Cir. 2000).

Based on the allegations in the first amended complaint, the Court finds that Plaintiff states a cognizable claim for damages against Defendant Borges under the Fourth and Eighth Amendments of the United States Constitution.

### B. Requests for Relief

With regard to Plaintiff's request for a transfer to a different prison, Plaintiff is advised that he does not have a constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-248 (1983); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any institution without offending the Constitution). Although Plaintiff has a constitutional right to not be subject to retaliation, there is no right to transfer to a different prison because he fears potential reprisal.

Plaintiff's request for injunctive relief in the form of a three month suspension of officer Borges must be dismissed because there is no ability to grant the requested relief. "'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.'" Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004). Plaintiff cannot seek an order directing the California Department of Corrections and Rehabilitation to suspend officer Borges for three months without pay for violation of Plaintiff's civil rights. Indeed, a court's duty to protect inmates'

constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, a task for which courts are ill-equipped. Toussaint v. McCarthy, 801 F.2d 1080, 1086 (9th Cir. 1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472.   Plaintiff's request for relief is extraordinary and is not narrowly drawn to correct any alleged violation. Accordingly, Plaintiff's requests for injunctive relief must be dismissed.

## V.
## RECOMMENDATIONS

Based on the foregoing, the Court finds that Plaintiff states a cognizable claim for damages against Defendant Borges for violations of the Fourth and Eighth Amendments of the United States Constitution.  However, Plaintiff's requests for injunctive relief must be dismissed without leave to amend as amendment would be futile. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claims for damages against Defendant Borges for violation of the Fourth and Eighth Amendments; and

2. Plaintiff's requests for injunctive relief be DISMISSED, without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 16, 2016**

UNITED STATES MAGISTRATE JUDGE

5