# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY BORGES,<br><br>    Defendant. | Case No.: 1:15-cv-00726-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>[ECF No. 32] |

Plaintiff Gabriel Gomez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for summary judgment for failure to exhaust the administrative remedies, filed February 17, 2017.

## I.

## RELEVANT HISTORY

This action is proceeding against Defendant Anthony Borges for violations of the Fourth and Eighth Amendment.

On December 12, 2016, Defendant filed an answer to the complaint. On this same date, the Court issued the discovery and scheduling order.

As previously stated, on February 17, 2017, Defendant filed a motion for summary judgment for failure to exhaust the administrative remedies.[1] Plaintiff filed an opposition on February 27, 2017,

---

[1] Concurrently with the motion for summary judgment, Defendant served Plaintiff with the requisite notice of the requirements for opposing the motion. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998). (ECF No. 32-5.)

1

and Defendant filed a reply on March 8, 2017. Therefore, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B.     Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

2

judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A.   Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of

review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

### B. Summary of Allegations Underlying Plaintiff's Constitutional Claims

Correctional officer Borge sexually harassed and/or molested Plaintiff.

On December 5, 2014, officer Borges advised Plaintiff that his document was forged. Borges ordered Plaintiff to get down and when Plaintiff was down on the floor, Borges jumped on his back and lifted him up by his buttocks and genitals. Borges then put his hand down Plaintiff's paints and started squeezing his genitals and caressed his buttocks over and over. Plaintiff told him to "quit perving out on me" and if he every sexually molested him again he would file charges.

On December 12, 2014, Borges searched Plaintiff again while he was on his way to school. Borges put his hand down Plaintiff's pants and started grabbing his genitals and caressed his buttocks. Plaintiff asked Borges to stop and he said that if he moved he was going to take Plaintiff "to the d[i]rt."

### C. Defendant's Statement of Undisputed Facts[2]

1. Plaintiff Gabriel Gomez is, and was at all times relevant to this action, a prisoner incarcerated within the California Department of Corrections and Rehabilitation ("CDCR").

2. Plaintiff Gabriel Gomez was, at all times relevant to this action, an inmate at California State Prison-Corcoran.

3. The appeal with Log No. CSPC-4-14-07917 (also known as COR-14-7917) is the only inmate appeal that was received and accepted for review by California State Prison-Corcoran between

---

[2] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 56-260(b). Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint and opposition. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

4

1   November 1, 2014, and November 1, 2015, relating to an incident or incidents that occurred in

2   December 2014, involving Officer L. Borges.  (Decl. of M. Oliveria, ¶¶ 7-8.)

3       4.    The appeal with Log No. CSPC-4-14-07917 relates to the alleged sexual

4   harassment/assault of Plaintiff by Borges on December 5 and 12, 2014.  (Decl. of M. Oliveria. ¶ 7, Ex.

5   B.)

6       5.    The appeal with Log No. CSPC-4-14-07917 was accepted for review at the second

7   level on February 25, 2015.  A response at the second level of review was issued on April 8, 2015.

8   (Decl. of M. Oliveria, ¶ 9, Exs. A & C.)

9       6.    The third level decision for the appeal with Log No. CSPC-4-14-07917 was issued on

10  or about June 23, 2015.  (Decl. of M. Voong, ¶ 8, Exs. A & B.)

11      **D.**    **Findings on Defendant's Motion**

12  Defendant argues that Plaintiff failed to properly and timely exhaust all administrative

13  remedies related to his claims prior to brining this action on May 12, 2015, as required by the PLRA.

14  Plaintiff commenced this action on May 12, 2015.  On May 26, 2016, Plaintiff filed a first

15  amended complaint upon which this action is proceeding.  In both the original and amended

16  complaint, Plaintiff contends that Defendant Borges sexually harassed and/or assaulted him on

17  December 5 and 12, 2014.

18  An inmate must exhaust the available administrative remedies before he filed suit, even if the

19  inmate fully exhausts while the suit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th

20  Cir. 2002); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (same).  It is undisputed that

21  the only appeal relevant to his claims against Defendant Borges is appeal Log No. CSPC-4-14-07917,

22  in which Plaintiff claimed that Borges harassed and/or assaulted him on December 5 and 12, 2014.  It

23  is further undisputed that this appeal was denied at the third and final level of review on June 23,

24  2015, over a month after the instant action was filed.

25  In his opposition, Plaintiff contends that Defendant submitted only half of the relevant inmate

26  appeal and the administrative remedies were exhausted at the third level of review.  While it is true

27  that Plaintiff exhausted the administrative remedies through the third level of review, as explained

28  herein, he did so after filing the instant action which is insufficient under the PLRA.  McKinney, 311

5

F.3d at 1199.  Furthermore, although Plaintiff's first amended complaint was filed after his claims were exhausted, an inmate satisfies the exhaustion requirement for new claims added in an amended complaint as long as he exhausted his administrative remedies with respect to such new claims prior to filing the amended complaint.  See Rhodes v. Robinson, 621 F.3d 1002, 1003 (9th Cir. 2010).  In Cano v. Taylor, 739 F.3d 1214 (9th Cir. 2014), the Ninth Circuit added that new claims based on actions that took place before the original complaint was filed, were not barred under McKinney so long as plaintiff exhausted them prior to the filing of the amended complaint.  Cano, 739 F.3d at 1220.  However, the exceptions outlined in Rhodes and Cano are not present here.  The events giving rise to the "new" claims must not have occurred until after the filing of the original complaint, but the underlying events must be related to the events alleged in the original complaint.  Id.  Here, the factual allegations underlying Plaintiff's Fourth and Eighth Amendment claims are based on precipitating events that took place before he filed this action.  Plaintiff first presented his sexual harassment/assault claims in his original complaint specifically stating, among other things, "on 12-5-14 office[r] Borges was molesting me and harassing me also," and on "12-12-14 C/O Borges, stuck his hand down my pants and started grab[b]ing my genital and caressing my ass and when I complain[ed] he stated that if I moved that he was going to take me to the d[i]rt."  (ECF No. 1, Compl. at 12-13.[3])  The fact that Plaintiff's factual allegations did not give rise to a cognizable claim until further pled in the amended complaint is of no consequence because Plaintiff was not waiting for the exhaustion process to be complete prior to bringing his claims; rather, Plaintiff was attempting to state cognizable claims and was simply unable to do until filing the first amended complaint.  Such circumstances are not similar to the plaintiff in Cato who waited to raise his "new" claims until after the administrative remedies were exhausted.  Accordingly, these claims are not "new" within the meaning of Rhodes and Cato, and Appeal Log No. CPSC-4-14-07917 does not suffice for exhaustion purposes.  Therefore, Defendant's motion for summary judgment must be granted.

**IV.**

---

[3] References to page numbers are to the Court's ECF pagination headers.

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendant's motion for summary judgment be granted; and

2.     The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 10, 2017**

UNITED STATES MAGISTRATE JUDGE